**SWANSON v. MARRA BROS., Inc.**

Civil Action No. 3759.

District Court, E. D. Pennsylvania.
Oct. 16, 1944.

Freedman & Goldstein, by Abraham E. Freedman, all of Philadelphia, Pa., for plaintiff.

Rawle & Henderson, by George M. Brodhead, all of Philadelphia, Pa., for defendant.

BARD, District Judge.

This action was instituted by a longshoreman against his employer to recover damages under the provisions of Section 33 of the Merchant Marine Act of 1920, 46 U.S.C.A. § 688, popularly known as the Jones Act.[1] The complaint alleges that plaintiff was standing on a dock assisting in the loading operation of a vessel lying in the Delaware River, in the harbor of Philadelphia, when he was struck by an object falling from the ship and sustained the injuries upon which the suit is based.

Defendant has filed a motion to dismiss the complaint on the ground that the cause of action alleged by the plaintiff is not within admiralty jurisdiction and the Jones Act because the injuries were sustained while plaintiff was on land. It asserts that plaintiff's remedy for such injuries is under the Workmen's Compensation Act of Pennsylvania, 77 P.S.Pa. § 1 et seq., pursuant to the provisions of which he has been receiving compensation payments.

The question here presented is an interesting one and is not free from difficulty. Defendant points out that the decisions of the Supreme Court with respect to injuries to longshoremen have maintained a sharp distinction between those received on the dock (which has been held to be "land," Cleveland T. & V. R. Co. v. Cleveland S.S. Co., 208 U.S. 316, 28 S.Ct. 414, 52 L.Ed. 508, 13 Ann.Cas. 1215; State Industrial Commission v. Nordenholt Corp., 259 U.S. 263, 42 S.Ct. 473, 66 L.Ed. 933, 25 A.L.R. 1013) and those received on navigable waters. In the former situation recovery

under the admiralty laws has been denied and the plaintiff relegated to a claim under applicable state compensation laws, while in the latter case recovery may be had under the admiralty laws only and state compensation laws are held inapplicable by reason of the exclusive federal jurisdiction established by Article III, Section 2 of the Constitution.

Thus, in Southern Pac. Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, L.R.A. 1918C, 451, Ann.Cas. 1917E, 900, it was held that a claim under the New York workmen's compensation laws could not constitutionally be allowed to a stevedore injured while working aboard a vessel in navigable waters.

Conversely it was thereafter held that the New York Workmen's Compensation Act was applicable to a stevedore who was injured while working on the dock. State Industrial Commission v. Nordenholt Corp., 259 U.S. 263, at page 272, 42 S.Ct. 473, at page 474, 66 L.Ed. 933, 25 A.L.R. 1013, where the court said: "When an employee working on board a vessel in navigable waters, sustains personal injuries there, and seeks damages from the employer, the applicable legal principles are very different from those which would control if he had been injured on land while unloading the vessel. In the former situation the liability of employer must be determined under the maritime law; in the latter, no general maritime rule prescribes the liability, and the local law has always been applied. The liability of the employer for damages on account of injuries received on shipboard by an employee under a maritime contract is matter within the admirality jurisdiction; but not so when the accident occurs on land."

In 1928 the rule of the Nordenholt case (in which the cause of action had arisen before the passage of the Jones Act in 1920) was reiterated by the Supreme Court in T. Smith & Son v. Taylor, 276 U.S. 179, 48 S.Ct. 228, 72 L.Ed. 520. In that case a longshoreman employed at unloading a vessel at a dock was killed when he was knocked from the wharf into the water. Compensation was awarded to his dependents under the Workmen's Compensa-

---

[1] The relevant portions of this Act read as follows:

"Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such actions all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply * * *."

458

tion Act of Louisiana and it was contended in the Supreme Court that this award was error because the case was exclusively within the admiralty and maritime jurisdiction of the federal government. This contention was rejected and the award under the state law was upheld.[2]

These decisions would appear to be directly applicable to and controlling of the case at bar. Plaintiff has, however, presented an able argument based on other decisions of the Supreme Court which is not without some force. These decisions begin with Atlantic Transport Co. v. Imbrovek, 234 U.S. 52, 34 S.Ct. 733, 735, 58 L.Ed. 1208, 51 L.R.A.,N.S., 1157, in which the Supreme Court analyzed the character of the work performed by stevedores and held that it was maritime in character and that therefore an action for injury sustained by a stevedore aboard a vessel in navigable waters was within the "admiralty and maritime jurisdiction" of the federal courts.

Following the passage of the Jones Act in 1920, the Supreme Court held that a stevedore "employed in maritime work on navigable waters" was a "seaman" within the meaning of that Act. International Stevedoring Co. v. Haverty, 272 U.S. 50, 47 S.Ct. 19, 71 L.Ed. 157. Said Mr. Justice Holmes in 272 U.S. at page 52, 47 S.Ct. at page 19, 71 L.Ed. 157: "It is true that for most purposes, as the word is commonly used, stevedores are not 'seamen.' But words are flexible. The work upon which the plaintiff was engaged was a maritime service formerly rendered by the ship's crew. Atlantic Transport Co. v. Imbrovek, 234 U.S. 52, 62, 34 S.Ct. 733, 58 L.Ed. 1208, 51 L.R.A.,N.S., 1157. We cannot believe that Congress willingly would have allowed the protection to men engaged upon the same maritime duties to vary with the accident of their being employed by a stevedore rather than by the ship. The policy of the statute is directed to the safety of the men and to treating compensation for injuries to them as properly part of the cost of the business. If they should be protected in the one case they should be in the other. In view of the broad field in which Congress has dis-

approved and changed the rule introduced into the common law within less than a century, we are of opinion that a wider scope should be given to the words of the act, and that in this statute 'seamen' is to be taken to include stevedores employed in maritime work on navigable waters as the plaintiff was, whatever it might mean in laws of a different kind."

In 1927 Congress enacted the Longshoremen's and Harbor Workers' Compensation Act,[3] which has been discussed at length by both parties. This Act provides the exclusive remedies of longshoremen who are injured while on navigable waters, but does not extend to injuries sustained by longshoremen on land, Johnston v. Marshall, 9 Cir., 128 F.2d 13, certiorari denied 317 U.S. 629, 63 S.Ct. 44, 87 L.Ed. 508. Hence the existing law with respect to the latter situation was not altered by the enactment of this legislation.

The scope of the Jones Act was most recently considered by the Supreme Court in 1943 in the case of O'Donnell v. Great Lakes Dredge & Dock Co., 318 U.S. 36, 63 S.Ct. 488, 87 L.Ed. 596. In that case a deck-hand on a vessel owned by defendant was injured while he was on the dock, at the order of the master of the vessel, assisting in repairing a gasket connecting pipes through which the cargo was discharged. The district court dismissed the plaintiff's action under the Jones Act on the ground that that Act did not apply to injuries to a seaman not occurring on navigable waters, and this ruling was affirmed by the Circuit Court of Appeals. The Supreme Court reversed and held that the plaintiff was entitled to maintain an action under the Jones Act even though the injuries were sustained while he was on land.

Plaintiff's argument, therefore, is that since the Haverty case decided that a "longshoreman" is a "seaman" within the meaning of the Jones Act and the O'Donnell case decided that injuries to seamen are within the Jones Act, whether sustained on land or on water, the necessary conclusion is that the Jones Act applies to injuries sustained by longshoremen in the course of their employment on land. The

---

[2] The converse situation was presented to the Supreme Court in Minnie v. Port Huron Terminal Co., 295 U.S. 647, 55 S. Ct. 884, 79 L.Ed. 1631, in which a longshoreman was injured when knocked from the vessel on to the dock. In that case

it was held that the injury was received while the plaintiff was upon navigable waters and hence an award under the State Compensation Act was invalid.

[3] Act of March 4, 1927, c. 509, §§ 1–50, 44 Stat. 1424, 33 U.S.C.A. §§ 901–950.

facts and the reasoning of these two cases, however, do not make that conclusion a necessary one. It will be noted that in the Haverty case the word "seaman" in the Jones Act was construed to include stevedores "employed in maritime work on navigable waters," which leaves undecided the question whether a stevedore employed on maritime work on land would be similarly regarded as within the Act. And in the O'Donnell case the Supreme Court expressly recognized that actions to recover damages for personal injuries sustained on land are in general subject to maritime law, but held that the Jones Act extended that Act to "seamen" within the orbit of the operation of their ancient right to maintenance and cure for injuries suffered in the service of their vessel, whether on sea or on land. Said Chief Justice Stone in 318 U.S. at page 41-43, 63 S.Ct. at pages 491, 492, 87 L.Ed. 596:

"As we have said, the maritime law, as recognized in the federal courts, has not in general allowed recovery for personal injuries occurring on land. But there is an important exception to this generalization in the case of maintenance and cure. From its dawn, the maritime law has recognized the seaman's right to maintenance and cure for injuries suffered in the course of his service to his vessel, whether occurring on sea or on land. * * *

"In its origin maintenance and cure must be taken as an incident to the status of the seaman in the employment of his ship. See Cortes v. Baltimore Insular Line, 287 U.S. 367, 372, 53 S.Ct. 173, 174, 77 L.Ed. 368. That status has from the beginning been peculiarly within the province of the maritime law, see Calmar S.S. Corp. v. Taylor, supra [303 U.S. 527, 58 S.Ct. 652, 82 L.Ed. 993] and upon principles consistently followed by this Court it is subject to the power of Congress to modify the conditions and extent of the remedy afforded by the maritime law to seamen injured while engaged in a maritime service.

"The right of recovery in the Jones Act is given to the seamen as such, and as in the case of maintenance and cure, the admiralty jurisdiction over the suit depends, not on the place where the injury is inflicted but on the nature of the service and its relationship to the operation of the vessel plying in navigable waters. See Waring v. Clarke, supra [5 How. 441, 12 L.Ed. 226]; [New England Mut. Marine]

Insurance Co. v. Dunham, supra [11 Wall. 1, 20 L.Ed. 90].

"It follows that the Jones Act, in extending a right of recovery to the seaman injured while in the service of his vessel by negligence, has done no more than supplement the remedy of maintenance and cure for injuries suffered by the seaman, whether on land or sea, by giving to him the indemnity which the maritime law afforded to a seaman injured in consequence of the unseaworthiness of the vessel or its tackle. Pacific S.S. v. Peterson, supra [278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220]. Since the subject matter, the seaman's right to compensation for injuries received in the course of his employment, is one traditionally cognizable in admiralty, the Jones Act, by enlarging the remedy, did not go beyond modification of substantive rules of the maritime law well within the scope of the admiralty jurisdiction whether the vessel, plying navigable waters, be engaged in interstate commerce or not."

That the Supreme Court recognized that a distinction may well be made between a seaman who is a crew member and is traditionally entitled to maintenance and cure under maritime law, and a longshoreman who has been construed to be a "seaman" under the Jones Act, at least to the extent that he works on navigable water, is obvious from its final remarks in its opinion in the O'Donnell case, 318 U.S. at pages 43 and 44, 63 S.Ct. at page 492, 87 L.Ed. 596: "We have no occasion to consider or decide here the question whether a longshoreman, temporarily employed in storing cargo on a vessel, if entitled to recover under the Jones Act for injuries sustained while working on a vessel (compare International Stevedoring Co. v. Haverty, supra [272 U.S. 50, 47 S.Ct. 19, 71 L.Ed. 157], with Nogueira v. New York, N.H. & H. R. Co., 281 U.S. 128-137, 50 S.Ct. 303, 305, 74 L.Ed. 754), could recover for an injury received on shore in the circumstances of this case. Compare State Industrial Commission v. Nordenholt Corp., 259 U.S. 263, 42 S.Ct. 473, 66 L.Ed. 933, 25 A.L.R. 1013, with South Chicago Co. v. Bassett, 309 U.S. 251, 256, 60 S.Ct. 544, 547, 84 L.Ed. 732."

■ I am therefore constrained to hold that, in view of the distinction made by the Supreme Court and frequently reiterated in its opinions between injuries sustained by longshoremen while on shore and those

460

sustained while on navigable water, plaintiff is not a "seaman" entitled to maintain the present action under the Jones Act. It is true, as plaintiff has pointed out, that the Nordenholt case involved injuries sustained prior to the time the Jones Act became operative. The same is not true, however, with respect to the Taylor case, which held that the State Compensation Act was applicable to a longshoreman injured while on the dock, although it does appear to be true that the possibility that the Jones Act was applicable to the execution of the state law was not argued to or considered by the Supreme Court in that case. However this may be, it is not for this court to disregard that decision as well as the distinction uniformly drawn by the Supreme Court, prior to the O'Donnell case, between injuries on land and those sustained on navigable water. If the decision in the O'Donnell case is to be extended to longshoremen injured while working on a dock—an extension which the reasoning of that case and its express reservation of this question make dubious —the extension should be made by that court itself.

The motion to dismiss is granted.