## UNITED STATES v. LUBINSKI.

## LUBINSKI v. ALASKA S. S. CO.

### No. 11097.

Circuit Court of Appeals, Ninth Circuit.

March 7, 1946.

J. Charles Dennis, U. S. Atty., of Seattle, Wash. (Bogle, Bogle & Gates, of Seattle, Wash., of counsel), for appellant United States.

Sam L. Levinson, of Seattle, Wash., for appellant Lubinski.

Bogle, Bogle & Gates and Edw. S. Franklin, all of Seattle, Wash., for appellee Alaska S. S. Co.

Before DENMAN, STEPHENS, and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

Walter Lubinski filed his libel in personam in the district court against the United States and the Alaska Steamship Company under an Act of Congress (57 Stat. 45, 50 U.S.C.A.Appendix, § 1291) to recover damages for the loss of vision in his left eye, and was awarded judgment against the United States. The court dismissed the action against the Alaska Steamship Company. The United States appeals and Lubinski appeals from the decree dismissing the Alaska Steamship Company. The government's appeal is based solely upon the premise that the evidence does not support the findings of facts.

* Lubinski was a boatswain on the Liberty Ship George Flavel, which was being operated under an agreement with the Alaska Steamship Company. The United States, acting through its agency, the War Shipping Administration, had complete charge and authority over the ship and crew in a voyage and an action against the Japanese in the Alaska Military Operation.

The ship carried ammunition, equipment, soldiers, the merchant crew of the vessel, a naval gunnery crew, and a naval amphibious unit. Among the equipment

of the amphibious unit, there were smoke or distress signals, sometimes called "smoke bombs", for each landing barge. The signals were contained in tin gallon cans, each fitted with a screw top with four in a cardboard container.

The equipment of the amphibious unit was first stored on the open deck of the vessel, but due to weather conditions the chief mate, with the approval of the shipmaster, ordered Lubinski to store it in the forepeak, which was under his charge, but was open to the crew at all times. A carpenter shop adjoined the forepeak.

There was testimony to the effect that it was customary to use the forepeak for general supplies but not for combustibles or other hazardous equipment. Evidence of a prevailing custom of placing combustibles in fire proof lockers or under other proper protection was admitted. No such protection was possible in the forepeak of the vessel.

On July 15, 1943, while the ship was lying off Attu, Alaska, Lubinski and others were making repairs of the gear in No. 2 hold, and seaman Uzdadinis was sent into the forepeak to obtain tools. There is testimony that the equipment in the forepeak was in a disorderly state. While Uzdadinis was looking for the tools, he tossed a box of "smoke bombs" aside and kicked it "roughly a foot." Uzdadinis testified that a cry of "fire" was made within five minutes after leaving the storeroom, another said it was ten minutes, and another that it was an hour. It seems to be agreed that a great amount of orange colored smoke poured from the ventilator.

The general alarm was given and Lubinski, in command of the emergency squad, rushed to the scene and gave orders to break out the fire fighting equipment. There was fear of an explosion as ammunition was stored immediately aft of the forepeak. Lubinski received a gas mask from the first mate and went below, accompanied by two other crew men. No fire was discovered, but a burned out smoke signal was found in the forepeak. The screw top of the container was missing, and the container was empty.

Upon removing the mask after he came on deck, smoke fumes were noticed, and an orange powdery-like residue was on Lubinski's face. He was gasping and was rushed to ship side for air. There was testimony that his eyes were swollen and were burning badly and that he received treatment from the ship's doctor daily thereafter. The right eye became normal but not the left one.

Just a month after the smoke bomb incident, during the disembarkation of soldiers and equipment in the Kiska attack, a fire broke out in hold No. 3 of the ship. Lubinski, masked as before, went below to investigate, remaining several minutes. Smoke was pouring out, and there was some conflict as to visibility. Upon coming from the hold to the deck, Lubinski was struck in the face with the force of water from a deck hose which was being played on the fire by members of the stewards' department. Lubinski's mask was knocked aside, exposing his face to smoke for about twenty seconds. The fire had been caused by a backfire from an army vehicle or "snow-jeep."

Upon voyage end Lubinski went to his home in San Francisco, and from there went to a doctor in Salt Lake City, and returned to San Francisco to enter the United States Marine Hospital, receiving treatments for his left eye. The vision in his left eye was destroyed by a disease called "iritis" or "iridocyclitis." There was much conflicting medical testimony.

The district court found negligence in the stowage of the "smoke bombs," and a recital of the evidence makes this finding obvious.

The court also found negligence in the incident of the Kiska fire, which it found to have contributed to the eye condition.

The court concluded that Lubinski was an employee of the War Shipping Administration, the alter ego of the United States, and not an employee of the Alaska Steamship Company, and ordered the libel dismissed as to the latter.

■ As in the case of Matson Navigation Co. v. Pope & Talbot, 9 Cir., 1945, 149 F.2d 295 [see The Ernest H. Meyer, 9 Cir., 1936, 84 F.2d 496], the testimony was partly oral and partly by deposition, and, as we hear the case de novo, we give weight to the findings of the trial court as our judicial discretion dictates, and we find and determine that the district court was right in all of its findings. See Pacific American Fisheries v. Hoof, 9 Cir., 1923, 291 F. 306; The Diamond Cement, 9 Cir., 1938, 95 F.2d 738; Cortes v. Baltimore Insular Line, 1932, 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368; The Arizona

v. Anclich, 1936, 298 U.S. 110, 56 S.Ct. 707, 80 L.Ed. 1075; O'Donnell v. Great Lakes Dredge & Dock Co., 1943, 318 U.S. 36, 63 S.Ct. 488, 87 L.Ed. 596; Aguilar v. Standard Oil of New Jersey, 1943, 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107; Mahnich v. Southern S.S. Co., 1944, 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561.

Affirmed.