## BLAKE v. W. R. CHAMBERLIN & CO.
### No. 11883.

United States Court of Appeals
Ninth Circuit.
Aug. 2, 1949.

512

Gladstein, Andersen, Resner & Sawyer, Herbert Resner, San Francisco, Cal., for appellant.

John H. Black, Henry W. Schaldach, Lyman Henry, Stephen McReavy, Hall, Henry & Oliver, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, STEPHENS, Circuit Judge, and YANKWICH, District Judge.

STEPHENS, Circuit Judge.

Harold B. Blake, a seaman, is appealing from a judgment against him and in favor of W. R. Chamberlin & Co., appellee, in an action to recover compensation for personal injuries allegedly sustained as a result of appellee's negligent failure to provide adequate medical care for Blake who became ill while employed by appellee, and for maintenance and cure. Appellee, as its primary defense, pleaded and introduced into evidence without objection a written general release signed by appellant. During the trial, appellant, after adducing proof on the matter of the taking of the release, moved that it be stricken. The motion was denied. At the conclusion of the trial, counsel unsuccessfully renewed the motion. Thereafter, the jury returned a general verdict for W. R. Chamberlin & Co. and answered the following written interrogatories in the manner indicated (the special findings were requested by appellant's counsel):

"Do you find that the release is a valid one? Yes

"Do you find the release valid as to the first cause of action for damages? Yes

"Do you find the release valid as to the second cause of action for maintenance? Yes"

Thereupon appellant moved for a new trial, which motion was denied. This appeal followed.

Appellant contends that the trial court erred in refusing to strike out the release and in denying the motion for new trial and that the evidence is insufficient to support the verdict.

At the outset, it is well to note the extent to which our review is circumscribed by the law and the facts. First, as to the validity of the release. It is not disputed that the subscribed writing is, on its face, a complete release. If it is to be held a legal release, the jury was not concerned with other issues, and in fact the jury was instructed to that effect. The jury's special findings are conclusive that they found the release to be valid as such and a complete bar.

The devolution of law through judicial decision has greatly lessened the difference upon appeal between the ordinary action in tort and the de novo idea in admiralty cases for compensation. In tort cases, in the absence of reversible error the judgment will be affirmed if it is supported by substantial evidence and the reviewing court cannot say that, viewing the whole case, an injustice has been done. United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746. In admiralty strong effect will be accorded the conclusion of the court from substantial evidence given by witnesses in court and weight will be accorded the court's conclusion where part of the evidence is by witnesses in court and part by depositions. Compare The Ernest H. Meyer, 9 Cir., 84 F.2d 496, certiorari denied, sub nom., Hammond Lumber Co. v. Broughton & Wiggins Navigation Co., 299 U.S. 600, 57 S.Ct. 193, 81 L.Ed. 442; Matson Navigation Co. v. Pope & Talbot, Inc., 9 Cir., 149 F.2d 295, certiorari denied, sub nom., Pope & Talbot, Inc., v. Matson Navigation Co., 326 U.S. 737, 66 S.Ct. 46, 90 L. Ed. 439; The Pennsylvanian, 9 Cir., 139 F. 2d 478; United States v. Lubinski, 9 Cir., 153 F.2d 1013, and United States v. United States Gypsum Co., supra. Although this action was commenced in admiralty, it was later transferred to the law docket of the United States district court and tried to a jury, as demanded by appellant and as is permitted by the Jones Act, 46 U.S.C.A. § 688. However, even if admiralty procedural rules govern an action brought under the Jones Act when tried to the court, we believe that when a jury trial has been had, appellate review is controlled by the Fed-

eral Rules of Civil Procedure, 28 U.S.C.A. See 4 Benedict on Admiralty (6th ed.), § 612, p. 201.

Viewing the whole evidence in regard to the release, we cannot say that there is not substantive evidence supporting the verdict or that an injustice has been done either in the specific answers to the questions propounded to the jury or by the general verdict. And there is nothing in the case to warrant our finding, contrary to the finding of the jury, that the release was or is invalid even if we give the notion of trial de novo full play. Detailing the evidence herein would serve no useful purpose. There are procedural matters in the case which we would notice if the verdict were not so palpably sustainable.

The instructions given the jury show clearly that it was apprised of the seaman's rights and we quote liberally from them in the margin.[1] Garrett v. Moore-McCormack Co., Inc., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239; United States v. Johnson, 9 Cir., 160 F.2d 789, reversed on other grounds sub nom., Johnson v. United States, 333 U.S. 46, 68 S.Ct. 391, 92 L.Ed. 468.

Affirmed.

---

[1] "The factors which you are to consider in determining whether or not the release is valid are the following: I should like you to pay particular attention to these elements, because they are integrated so far as the evidence is concerned, and without reflecting on your attention in the other phases, this matter is particularly important on the release, because you first have to determine the validity or invalidity of the release before going into the question of negligence or the question of maintenance money. The first consideration is the sufficiency of the consideration, that is, the money paid. If the amount of money paid to the plaintiff is inadequate, then that is an important factor in deciding against the validity of the release. If, for example, defendant paid to plaintiff money to which plaintiff was already entitled, that is, earned wages, earned maintenance, and bonus, and things of like character, then if you so find, the taking of the release for other things such as damages and future maintenance would be without consideration and the release would be void. In other words, a release is not valid if what is paid is something to which a person is entitled under any circumstances of the case.

"The second phase is the medical advice available to the plaintiff at the time he entered into the release. In other words, if the plaintiff was advised by the defendant that his condition was less serious than the defendant either knew or, by the exercise of reasonable care, he should have known, or if the advice given to him was not sound or proper, you are then instructed that this factor may be considered by you in determining the validity of the release.

"The next phase may be regarded as having to do with legal advice or lack of legal advice. If you find that the plaintiff was not fully advised of his rights under the Jones Act, to which reference has been made by the court, with regard to an action for damages based on defendant's alleged negligence, that is an important factor in holding the release void, if you so find. If plaintiff was not fully advised as to his rights to future maintenance, that factor is likewise important in holding or concluding the release to be void.

"The next phase may be regarded as over-reaching, alleged over-reaching on the part of defendant toward plaintiff in connection with the settlement and the release. In that regard I instruct as follows: A seaman, such as the plaintiff, is considered as a ward of the court, and whoever sets up a release as a bar to a seaman's claim or case, such as the defendants have done in this case, must satisfy the burden of proof placed on them that they have not over-reached the seaman and that the settlement made with him was fair in all respects.

"* * * *

"You are further instructed, ladies and gentlemen of the jury, that in connection with the taking of the release in question from Mr. Blake, that Mr. Murray Roberts, an attorney-at-law for the defendants, acted in the role of a fiduciary, that is, his relationship to Mr. Blake at that time was the same as exists between a banker and depositor, a guardian or ward, and under the circumstances Mr. Roberts was obliged to make to Mr. Blake a full, fair and complete disclosure as to all of Mr. Blake's rights, including his right to sue for damages under the Jones Act, and his right to wages, maintenance and cure under the applicable Seamen's Law. If you find that the defendants herein have failed to sustain the burden of proof imposed on them and did not discharge the duty of fiduciary owed to Mr. Blake in connection with the taking of the release in question, then you are instructed that the release is void and is not a bar in any respect to plaintiff's case. * * "