Patricia **THURNAU**, as Administratrix of the Estate of Philip George **Thurnau**, Deceased, Plaintiff-Appellant,

v.

**ALCOA STEAMSHIP COMPANY**, Inc., Defendant-Appellee.

**No. 179, Docket 23608.**

United States Court of Appeals
Second Circuit.

Submitted Dec. 16, 1955.

Decided Jan. 16, 1956.

Henry Fogler, New York City, for plaintiff-appellant.

J. Ward O'Neill, New York City (Haight, Gardner, Poor & Havens, New York City) (John C. Mundt, Jr., New York City, of counsel), for defendant-appellee.

Before CLARK, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.

PER CURIAM.

Plaintiff's decedent, Philip G. Thurnau, a third mate of the S.S. Alcoa Pegasus, died as the result of injuries sustained while riding as a passenger in an automobile driven by a fellow crewman, Wold. Thurnau and his companion were returning from shore leave to their duties aboard ship at the time of the accident. There was sufficient evidence from which a jury could find that Thurnau's death was caused by the negligence of Wold in the operation of the car. The car had been rented and lent to Wold by a third member of the ship's crew, Kossman.

The sole question on this appeal—even if we assume, *arguendo*, that Thurnau was acting "in the course of employment" within the meaning of the Jones Act while returning to his ship from shore leave—is whether a shipowner is under a duty to provide a safe means of transportation between the ship and any place of amusement crew members desire to visit while on shore leave in the vessel's home port. We think it clear that the shipowner is under no such duty, and is therefore not liable under the Jones Act, 46 U.S.C.A. § 688, for the negligence, if any, of Wold and Kossman in renting and operating a car for their private pleasure while on shore leave. See Paul v. United States, 3 Cir., 1953, 205 F.2d 38; Lemon v. United States, D.C.Md.1946, 68 F. Supp. 793.

The absence, because of a bus strike, of bus transportation from the dock to the places of amusement frequented by these sailors does not make the shipowner responsible for the safety of the other readily available means of transportation, such as taxis or rented cars, that may happen to be chosen by the crew. The cases relied on by the plaintiff are all distinguishable. Some are maintenance and cure cases, Warren v. United States, 1951, 340 U.S. 523, 71 S.Ct. 432, 95 L.Ed. 503; Aguilar v. Standard Oil Co., 1943, 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107. Some are assault cases, which appear to be *sui generis*, Nowery v. Smith, D.C., 69 F. Supp. 755, affirmed 3 Cir., 1947, 161 F.2d 732; Kyriakos v. Goulandris, 2 Cir., 1945, 151 F.2d 132. And the remainder are cases involving negligence of the shipowner in creating or maintaining dangerous conditions adjacent to the ship, Marceau v. Great Lakes

Transit Corporation, 2 Cir., 1945, 146 F.2d 416; O'Donnell v. Great Lakes Dredge & Dock Co., 1943, 318 U.S. 36, 63 S.Ct. 488, 87 L.Ed. 596.

Affirmed.