### Richard REYNOLDS, Plaintiff–Appellant,

v.

### SEALIFT, INC. and M/V Captain Stephen L. Bennett, Defendant–Counterclaimant–Appellees.[1]

No. 07–5519–cv.

United States Court of Appeals, Second Circuit.

Feb. 20, 2009.

objectively perceived to be hostile to protected class).

1. The Clerk of Court is directed to amend the caption to conform to this listing of appellant and appellees.

Steven L. Barkan, Law Office of Steven L. Barkan, P.C., Melville, NY, for Appellant.

Gregory O'Neill (Gordon S. Arnott, Elizabeth A. McCoy, on the brief), Hill, Betts & Nash, LLP, New York, NY, for Appellees.

PRESENT: Hon. RALPH K. WINTER, Hon. REENA RAGGI, Circuit Judges, and Hon. RAYMOND J. DEARIE, District Judge.[2]

---

2. The Honorable Raymond J. Dearie, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

424

## SUMMARY ORDER

Richard Reynolds appeals from an award of summary judgment, entered on December 10, 2007, in favor of defendants Sealift, Inc., and the ocean-going vessel M/V Captain Stephen L. Bennett ("*M/V Bennett*"), on plaintiff's claims, under the Jones Act, *see* 46 U.S.C. § 30104, and other maritime-tort theories, for injuries that Reynolds sustained when hit by a bus while returning to the *M/V Bennett* from shore leave.

We review the district court's grant of summary judgment *de novo, see Havey v. Homebound Mortgage, Inc.,* 547 F.3d 158, 163 (2d Cir.2008), and its evidentiary and discovery rulings for abuse of discretion, *see Estate of Landers v. Leavitt,* 545 F.3d 98, 113 (2d Cir.2008); *In re "Agent Orange" Product Liability Litig.,* 517 F.3d 76, 102 (2d Cir.2008). In conducting our review, we assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision.

### 1. *Grant of Summary Judgment*

Reynolds submits that the district court erred in three respects: (1) in relying on hearsay statements contained in a police report to find that Reynolds's intoxication caused his injuries; (2) in failing to draw an inference adverse to the defendants from the intoxication of a fellow shipmate whom Reynolds was allegedly assisting when injured; and (3) in failing to apply the "*Pennsylvania* rule," a causation presumption unique to admiralty law that arises when (among other instances) a plaintiff's injuries are attributable to a ship's violation of a statute or regulation. *See Wills v. Amerada Hess Corp.,* 379 F.3d 32, 43 (2d Cir.2004).

Reynolds's first argument fails because it mischaracterizes the district court's decision. The district court did not find that Reynolds's intoxication caused his injuries. Instead, it found that although Reynolds *was* acting in the course of his employment, *see* 46 U.S.C. § 30104, his injuries could not be legally attributed to the defendants' alleged negligence because the defendants did not own the bus that injured Reynolds and otherwise had no duty to provide a safe means of transportation between the *M/V Bennett* and Reynolds's chosen venue for shore-leave amusement. We identify no error in that conclusion, which is consistent with the undisputed facts and the law. *See Thurnau v. Alcoa S.S. Co.,* 229 F.2d 73, 74 (2d Cir. 1956) (holding that shipowner is under no duty "to provide a safe means of transportation between the ship and any place of amusement crew members desire to visit while on shore leave").

Reynolds's second argument fails because of the lack of record evidence demonstrating a cognizable link between his injuries and either his shipmate's drunkenness or the *M/V Bennett's* alcohol policy. A defendant "may not be held liable" for its employee's misconduct "unless the particular act performed negligently was also in the scope of employment of the negligent employee." *Trost v. Am. Hawaiian S.S. Co.,* 324 F.2d 225, 227 (2d Cir.1963); *see also Gallose v. Long Island R.R.,* 878 F.2d 80, 83 (2d Cir.1989) (applying Trost's rule in context of FELA claim); *Higgins v. Metro–North R.R.,* 318 F.3d 422, 426 (2d Cir.2003) (following *Gallose* ). Like the district court, we easily conclude that drinking alcohol was not within the scope of the shipmate's employment. *Cf. Robinson v. Ne. S.S. Corp.,* 228 F.2d 679, 681 (2d Cir.1956) (holding that, in the absence of superior's directive or authorization, negligence of mariner-employee who assisted drunken shipmate was not attributable to shipowner).

Nor could Reynolds demonstrate that the *M/V Bennett's* alcohol policy, assuming

it was negligently enforced, was the legal cause of his injuries. In Jones Act cases, "[t]he right of the jury to pass upon the question of fault and causation must be most liberally viewed." *Oxley v. City of New York,* 923 F.2d 22, 25 (2d Cir.1991) (alteration in original) (internal quotation marks omitted). Nevertheless, the jury "is not permitted to speculate on proximate cause in the absence of reasonably persuasive proof that the negligence was the probable cause of the injury." *Fitzgerald v. A.L. Burbank & Co.,* 451 F.2d 670, 681 (2d Cir.1971). Reynolds provided no such proof. The link he suggests should have been made—that the M/V Bennett's lax alcohol policy led to the shipmate's shore-leave drunkenness, and hence to Reynolds sustaining injuries in assisting him—is simply too attenuated. *See Wills v. Amerada Hess Corp.,* 379 F.3d at 50 (affirming summary-judgment dismissal of Jones Act claim where plaintiff failed to present any evidence that employer negligence played "even the slightest" role in producing the complained-of injury (emphasis and internal quotation marks omitted)).

█ Finally, we identify no merit in Reynolds's argument that the *Pennsylvania* rule should have been invoked to shift onto the defendants the burden of disproving causation. Outside of the collision context, that rule is limited "to the violation of a statute intended to prevent the catastrophe which actually transpired." *Id.* at 43 (internal quotation marks omitted). That is not this case. The relevant Coast Guard regulations proscribe intoxication while a crewmember is *on board* a vessel, not while on shore leave. *See* 33 C.F.R. § 95.020 (referring to intoxication in the course of operating a vessel); 33 C.F.R. § 95.030 (listing acceptable evidence of a "vessel operator['s]" intoxication); 33 C.F.R. § 95.045 (prohibiting, *inter alia,* intoxication of crewmember "[w]hile on board a vessel").

Summary judgment was thus properly entered in favor of defendants.

*2. Evidentiary and Discovery Rulings*

Reynolds submits that the district court's award of summary judgment is infected by two errors arising during discovery: the refusal (1) to recognize as admissible certain declarations submitted by Reynolds; and (2) to extend discovery to allow Reynolds to depose the *M/V Bennett's* captain and to submit an expert report, both of which would have purportedly provided additional evidence regarding the *M/V Bennett's* alcohol policy and its "buddy system."

█ We are not persuaded. The district court acted within its discretion in excluding four unsworn affidavits. Three of those affidavits lacked a precise date. *See* 28 U.S.C. § 1746 (allowing unsworn affidavit to constitute evidence if it is in writing, dated, and declared true under penalty of perjury). The fourth, by describing events to which knowledge was previously disclaimed, contradicted prior deposition testimony. *See Hayes v. New York City Dep't of Corrections,* 84 F.3d 614, 619 (2d Cir.1996) ("[A] party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony.") In any event, in light of the duty- and causation-related deficiencies discussed above, the submitted affidavits, which essentially purport to establish that Reynolds assisted a drunken shipmate pursuant to the *M/V Bennett's* "buddy system," would not have precluded summary judgment. Even assuming that *Reynolds's* assistance was undertaken in the course of his employment, the precipitating inebriation of his shipmate was *not,* and could not, be causally attributed to the *M/V Bennett's* alcohol policy.

426

■ Similarly, the district court did not abuse its "broad" discretion in declining to set aside the magistrate judge's pre-trial discovery rulings. *Wood v. FBI*, 432 F.3d 78, 84 (2d Cir.2005); *see also* Fed.R.Civ.P. 26(b)(2)(C) (authorizing court to limit discovery based on various factors). The magistrate judge did not, as Reynolds contends, prevent him from deposing the *M/V Bennett's* captain. To the contrary, although the magistrate judge did not extend the summary-judgment briefing schedule, he specifically extended discovery by approximately four months to allow that deposition. Because Reynolds fails to explain why he was unable to conduct the deposition within that time, we identify no error.

■ Nor do we identify any error in the magistrate judge's refusal to extend discovery to permit the submission of an expert report. The magistrate judge's actions fell within his discretion in light of, *inter alia*, Reynolds's delay in seeking to submit that report and the availability from superior sources of the information the report sought to introduce. *See* Fed.R.Civ.P. 26(b)(2)(C) (authorizing court to limit discovery based on such factors).

For these reasons, the judgment of the district court is AFFIRMED.