956 F.2d 114
 1993 A.M.C. 605
 Charles H. GUILLORY, Owner, on Behalf of the Stratos Model
274FS, and Underwriters of Lloyds of London,
Plaintiffs-Appellants,
v.
OUTBOARD MOTOR CORP., et al., Defendants,
Connie Deshotels, etc. and Police Jury Evangeline Parish,
Defendants-Appellees.
 No. 91-4890
Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 March 23, 1992.
Rehearing Denied April 20, 1992.
 
 Rufus C. Harris, III, Robert B. Acomb, III, Terriberry, Carroll & Yancey, New Orleans, La., for plaintiffs-appellants.
 Ronald J. Fiorenza, Provosty, Sadler & Delaunary, Alexandria, La., for Evangeline Police Jury.
 Daniel J. McGee, Rozas, Manuel & McGee, Mamou, La., for Deshotels .
 Appeal from the United States District Court for the Western District of Louisiana.
 Before REAVLEY, HIGGINBOTHAM and BARKSDALE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles Guillory brought this complaint for exoneration from or limitation of liability under the Limitation of Liability Act, 46 U.S.C.App. §§ 181 et seq. The potential liability arises out of an incident that occurred when Guillory was operating his bass boat on the waters of Crooked Creek Reservoir in Louisiana. The district court dismissed the case for lack of subject matter jurisdiction because Crooked Creek Reservoir is not a navigable waterway. We agree.
 
 
 2
 The Crooked Creek Reservoir is located in Evangeline Parish, Louisiana, and was created for recreation and flood control by a dam constructed between Crooked Creek and Bayou Nezbique. Crooked Creek is located entirely within Evangeline Parish and the state of Louisiana. Vessels cannot access Bayou Nezbique because of the dam. Nor can they travel interstate to the waters of Crooked Creek. Even before construction of the dam, Crooked Creek was so shallow in depth and overgrown by brush that it was difficult, if not impossible, for any vessel to travel across its waters.
 
 
 3
 The Limitation of Liability Act does not confer jurisdiction upon federal courts. That must come from our admiralty jurisdiction under U.S. CONST. art. III, § 2 and 28 U.S.C. § 1333(1). Suits lacking any relationship to either navigable waters or traditional maritime activity are without admiralty jurisdiction. Three Buoys Houseboat Vacations U.S.A., Ltd. v. Morts, 921 F.2d 775, 777 (8th Cir.1990), on remand from, --- U.S. ----, 110 S.Ct. 3265, 111 L.Ed.2d 775 (1990), vacating and remanding 878 F.2d 1096 (8th Cir.1989), and cert. denied, --- U.S. ----, 112 S.Ct. 272, 116 L.Ed.2d 224 (1991); Lewis Charters, Inc. v. Huckins Yacht Corp., 871 F.2d 1046, 1050 (11th Cir.1989).
 
 
 4
 AFFIRMED.