**In re the Complaint of NOLTY J. THERIOT, INC., for Limitation of Liability as Owner of the M.V. MITZI ALARIO.**

Civ. A. No. H–92–2945.

United States District Court,
S.D. Texas,
Houston Division.

Jan. 7, 1994.

Randolph J. Waits, Emmett, Cobb, Waits & Kessenich, New Orleans, LA, for plaintiffs.

Louis J. St. Martin, Houma, LA, Ernest H. Cannon, Ernest Cannon & Associates, Houston, TX, for Ernest LeBoeuf.

Harvey Jay Lewis, Lewis & Kullman, New Orleans, LA, Dennis M. McElwee, Schechter & Associates, Houston, TX, for Sadie S. Lorraine, Donald Lorraine, Rhonda Lorraine Danos and Ramona Lorraine.

OPINION ON DISMISSAL

HUGHES, District Judge.

## 1. Introduction.

Theriot seeks to limit its liability for injuries suffered by crewmembers of its ship who were injured in a car accident on the way to the ship for a crew change. Because the activity giving rise to the accident bears no substantial relationship to traditional maritime activity, this court does not have jurisdiction of the subject and, therefore, must dismiss the action.

## 2. Facts.

In an automobile accident on Interstate 10, near Lake Charles, Louisiana, a Chevrolet Suburban left the roadway and overturned, injuring the driver and two passengers and killing the third passenger. The car was owned by Theriot and operated by an employee of Theriot's, and it was being used to transport crewmembers to Port Arthur, Texas, where they would join in a crew change of Theriot's vessel, the M.V. *Mitzi Alario*. The passengers were employed by Theriot for the crew.

## 3. Procedural History.

In May 1992, LeBoeuf, one of the injured, filed a petition under the Jones Act in state court in Jefferson County, Texas. 46 U.S.C. App. § 688 (1987). He claimed injuries in the scope and course of his employment. Theriot was among the defendants. Later Theriot filed a complaint for limitation of liability in the United States District Court for the Eastern District of Louisiana. The court restrained other prosecutions of claims and transferred the case to the Southern District of Texas. LeBoeuf moved to dismiss the limitation of liability action for want of jurisdiction.

## 4. The Subject.

Theriot's limitation of liability action must be dismissed because the admiralty jurisdiction of the federal court does not extend to this case. Although federal law allows a vessel owner to limit its liability to the value of the boat, the limitation itself is not an independent basis for federal jurisdiction. 46 U.S.C. App. § 183 (1987). See *Three Buoys Houseboat Vacations, U.S.A. Ltd. v. Morts*, 878 F.2d 1096 (8th Cir.1989), *vacated and remanded on other grounds*, 497 U.S. 1020, 110 S.Ct. 3265, 111 L.Ed.2d 775 (1990); *Lewis Charters, Inc. v. Huckins Yacht Corp.*, 871 F.2d 1046, 1052–54 (11th Cir.1989); *Complaint of Sisson*, 867 F.2d 341, 348–50 (7th Cir.1989), *rev'd on other grounds*, 497 U.S. 358, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990). To use the limitation statute, the shipowner must have facts that support admiralty jurisdiction other than the desire to limit liability. 28 U.S.C. § 1333(a) (1986); *see Guillory v. Outboard Motor Corp.*, 956 F.2d 114 (5th Cir.1992).

Traditionally, admiralty jurisdiction over acts was determined exclusively on the basis of the place of the event—whether it occurred on navigable waters. Since 1972, the law has required that the event's facts must "bear a significant relationship to traditional maritime activity" to come within the court's admiralty jurisdiction. *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 268, 93 S.Ct. 493, 504, 34 L.Ed.2d 454 (1972). Admiralty jurisdiction exists "when a potential hazard to maritime commerce arises out of activity that bears a substantial relationship to traditional maritime activity." *Sisson v. Ruby*, 497 U.S. 358, 362, 110 S.Ct. 2892, 2895, 111 L.Ed.2d 292 (1990).

Theriot asserts that admiralty jurisdiction requires only that either the element of locality *or* nexus exists. LeBoeuf urges that both

locality *and* nexus must be present. Since neither exists here, the court cannot resolve this dispute.

### 5. *Locality.*

The locality element is not present since the accident was on land in an ordinary non-maritime activity, about twenty miles from the waterway and the ship. This absence distinguishes this case from the usual case about a nexus to maritime commerce, which has the locality as a given. *See Executive Jet Aviation, Inc. v. City of Cleveland,* 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454; *Foremost Insurance Co. v. Richardson,* 457 U.S. 668, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1982); and *Sisson v. Ruby,* 497 U.S. 358, 110 S.Ct. 2892, 111 L.Ed.2d 292. If the car wreck had been while on a land-based errand during a port call in mid voyage, the physical connection to the sea might be said to exist, but that is not this case.

### 6. *Nexus.*

██ Under the law, there are two aspects of the nexus requirement:

A. The potential impact on commercial maritime commerce; and

B. The substantial relation between the act and a traditional maritime activity.

Any land-based liability of a shipowner may seriously affect its solvency and, consequently, affect maritime commerce in general. This is true for every act of the shipowner that generates a liability, whether an office lease, supply contract, or ordinary tort. This is not enough to satisfy the nexus requirement. When these activities do not have a substantial relation to traditional maritime activity, there is no admiralty jurisdiction. The solvency of the company may be destroyed, but not the solvency of the voyage. A car wreck on dry land with no particular relation to a vessel or maritime commerce, except that the vehicle had passengers going to join a ship, does not bear a sufficient relation to traditional maritime activity to fall under admiralty jurisdiction.

### 7. *The Jones Act.*

Theriot argues that admiralty jurisdiction exists when a seaman brings a claim against his employer irrespective of whether the accident occurred on land or at sea. This is potentially true when the seaman's claim comes under the Jones Act, Longshoremen's and Harbor Workers' Compensation Act, or an admiralty claim for maintenance and cure. *See, e.g., O'Donnell v. Great Lakes Dredge and Dock Company,* 318 U.S. 36, 63 S.Ct. 488, 87 L.Ed. 596 (1943); *Perkins v. Marine Terminals Corporation,* 673 F.2d 1097 (9th Cir.1982). These are situations where congress or the courts have found admiralty jurisdiction wherever the act may have occurred. In each of these, the extra protection is provided to the seaman, not the shipowner.

While the Jones Act is an independent basis for federal admiralty jurisdiction, it does not necessarily compel federal jurisdiction. LeBoeuf elected to file his claim in a state court rather than in the federal court, and the law allows the state-court jurisdiction under the Jones Act parallel to this court's. The only claim originally brought before this court is under the limitation of liability act, and it is not an independent ground of admiralty jurisdiction. This claim must be dismissed for lack of subject jurisdiction.

### 8. *Limitation of Liability Act.*

██ Even if admiralty jurisdiction did exist, this action would fail. The purpose of the limitation of liability procedure is to assure that liability for damage from a disaster at sea that is occasioned without the participation of the shipowner shall not exceed the value of the vessel at fault together with the pending freight. *Helena Marine Service, Inc. v. Sioux City,* 564 F.2d 15 (8th Cir.1977); *Pennzoil Producing Co. v. Offshore Express,* 943 F.2d 1465, 1473 (1991).

Because world maritime operates under limitation of liability rules, congress sought to insure that American shipping too would attract investment capital by alleviating the threat of unlimited economic exposure in situations where the shipowner is without privity or knowledge. *University of Texas Medical Branch at Galveston v. United States,*

557 F.2d 438 (5th Cir.1977). These purposes are not served by allowing a limitation of liability claim in this case. The accident did not occur at sea, nor did it occur on the vessel. The vessel did not contribute to the accident, and the accident had no direct involvement with maritime commerce. It is true that the accident occurred while the owner's agent was gathering a crew; however, this action was in preparation for a voyage, not the beginning of a voyage. None of the reasons for the personification of the vessel or the voyage apply to a land based support activity that anticipates the beginning of a voyage. While an owner-furnished means of transport might meet the tests for maritime conversion if it had happened in mid-voyage, that is not this case.

The law has furnished the whole ship-owning entity with alternative ways to limit its whole liability through recognition of the corporate form of doing business and through the bankruptcy laws. There is no limitation of liability cause of action.

### 9. *Conclusion.*

Theriot's limitation of liability action will be dismissed for lack of jurisdiction over the subject because, even though the seaman has a maritime-based claim under one federal statute, the statute benefitting Theriot does not extend equally as far as the one benefitting the seaman.