66 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tammy L. SQUIRE, Plaintiff-Appellant,
v.
CASEY, GERRY, CASEY, WESTBROOK, REED AND HUGHES, a
California general partnership; Does I through
XX, inclusive, Defendants-Appellees.
 No. 93-55670.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1995.*
Decided Sept. 13, 1995.
 
 Before: THOMPSON, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Tammy L. Squire appeals pro se the jury's verdict in her action alleging she was terminated from her position as legal secretary based on her pregnancy and in retaliation for filing an EEOC complaint, in violation of 42 U.S.C. Sec. 2000e-5 et seq.
 
 
 3
 The appellant claims that the district court erred by failing to grant a continuance. The transcript of the hearing on the continuance, which occurred on November 10, 1992, shows that appellant was herself opposed to a continuance, despite the fact that her counsel had withdrawn and she had retained new counsel. The decision to grant or deny a continuance is in the sound discretion of the trial court and will not be overturned except upon a showing of clear abuse. United States v. Real Property Located at Incline Village, 47 F.3d 1511, 1521 n. 5 (9th Cir.1995). Whether a denial of a continuance constitutes an abuse of discretion depends on a consideration of the facts of each case. Martel v. City of Los Angeles, 56 F.3d 993, 995 n. 3 (9th Cir.1995).
 
 
 4
 The appellant challenges the sufficiency of the evidence to support the jury verdict. The record contains witness testimony on Squire's work product, attendance, and attitude. Reporter's Transcript at 226-390. The verdict is supported by substantial evidence. Davis v. Mason County, 927 F.2d 1473, 1486 (9th Cir.), cert. denied, 502 U.S. 899 (1991).
 
 
 5
 The appellant also makes several different claims regarding errors in the district court's instructions to the jury. When the alleged error is in the formulation of the instructions, the instructions are to be considered as a whole and an abuse of discretion standard is applied to determine if they are misleading or inadequate. Gizoni v. Southwest Marine Inc., 56 F.3d 1138, 1142 n. 5 (9th Cir.1995). When the alleged error is that the trial court misstated the elements that must be proven at trial, the reviewing court must view the issue as one of law and review the instruction de novo. Id. After review of the jury instructions, we find no error.
 
 
 6
 The appellant claims that the trial court's exclusion of her EEOC reasonable cause determination constitutes reversible error. The appellant cites Plummer v. Western Int'l Hotels Co., Inc., 656 F.2d 502, 505 (9th Cir.1981), as support for her argument that Title VII plaintiffs have a right to introduce an EEOC probable cause determination. We distinguish the exclusion in this case, however, since the trial court ruling was based on the offer of the entire EEOC records, not on the reasonable cause determination itself. Specifically, appellant's counsel offered the document at issue as Plaintiff's Exhibits: "2. Entire EEOC file Charge No. 345880524" and "3. Entire EEOC file Charge No. 345890089." Appellant's Supplemental Excerpts to Reply Brief (Attachment A to Pretrial Order); Reporter's Transcript of Proceedings, December 15, 1992, pages 20-22. We find no error.
 
 
 7
 We have considered appellant's remaining claims and find no basis for reversal. Accordingly, we AFFIRM.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3