83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maureen MCNAMARA; Christopher Taylor; Mariah Lynn Taylor,
individually and on behalf of the General Public,
Plaintiffs-Appellants,
v.
F 48, a limited partnership; United Pacific Land, a
California corporation, Bobbie Casey; Jim Casey,
dba Le Chateau Apartments, Defendants-Appellees.
 No. 94-17106.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1996.
Decided April 24, 1996.
As Amended May 24, 1996.
 
 Before: FERGUSON, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Maureen McNamara, Christopher Taylor, and Mariah Lynn Taylor (collectively "the Taylors") appeal the district court's judgment and order denying their motion for a new trial following a jury verdict against them. The Taylors allege that the owners and managers of a housing complex discriminated against them on the basis of familial status in violation of the United States Fair Housing Act and the California Unruh Civil Rights Act. See 42 U.S.C. § 3601; Cal.Civ.Code § 51. We affirm in part and reverse in part.
 
 
 3
 1. The Taylors first contend that reversal is required because the district court erred when it instructed the jury regarding their burden of persuasion on the issue of intent to violate the Fair Housing Act. In that they are correct. The parties agree that the Taylors did not have to prove intent insofar as their claim was based upon 42 U.S.C. § 3604(c), although they did have to prove intent regarding § 3604(a). Because they agree on that proposition, we need not decide it, although other courts have uniformly accepted the proposition. See, e.g., Jancik v. Department of Housing & Urban Dev., 44 F.3d 553, 556 (7th Cir.1995); Ragin v. Harry Macklowe Real Estate Co., 6 F.3d 898, 905 (2d Cir.1993); Soules v. Department of Housing & Urban Dev., 967 F.2d 817, 822, 824-25 (2d Cir.1992); Blomgren v. Ogle, 850 F.Supp. 1427, 1439 (E.D.Wash.1993).
 
 
 4
 Here the district court first instructed the jury that the Taylors' first claim was for a Fair Housing Act violation. The court spelled out the § 3604(a) type as one way to prove the claim and then spelled out the § 3604(c) type as the other way. It said that the latter type did not require intent. Next, the court said that the second claim was a California Unruh Civil Rights Act claim, which prohibits intentional discrimination. Cal.Civ.Code § 51. Then the difficulty started because the court went on to instruct the jury that "under either claim" the Taylors had to prove that "[o]ne or more of the defendants intentionally discriminated" against a plaintiff. That was exacerbated when the court went on to the general preponderance of the evidence instruction and again told the jury that in order for the plaintiffs to recover they must prove that they were "intentionally discriminated against."
 
 
 5
 We must, of course, consider the instructions as a whole. Gizoni v. Southwest Marine Inc., 56 F.3d 1138, 1142 n. 5 (9th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 381, 133 L.Ed.2d 304 (1995). But, taken as a whole, these instructions were just plain wrong. They might be seen as merely misformulated and confusing, or they might be seen as, overall, a misstatement of the elements which the Taylors had to prove. If the former, our review would be for abuse of discretion; if the latter, it would be de novo. See Oglesvy v. Southern Pacific Transp. Co., 6 F.3d 603, 606 (9th Cir.1993). In a sense these instructions partook of both defects. At any rate, under either standard of review reversal is required. That is because the error was prejudicial. See Gilchrist v. Jim Slemons Imports, Inc., 803 F.2d 1488, 1496 (9th Cir.1986); Harmsen v. Smith, 693 F.2d 932, 945 (9th Cir.1982), cert. denied, 464 U.S. 822, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983). The evidence in this case was in sharp conflict, and the jury might well have determined that certain things were said, but it might not have been convinced by a preponderance of the evidence that those things were or were not said with the intent to discriminate. Were the jury thus in equipoise, it would have found against the Taylors on the § 3604(c) part of their claim. As we have said in similar circumstances of uncertainty, "we cannot hold that the error here is harmless." Harmsen, 693 F.2d at 945.
 
 
 6
 2. The Taylors also assert that based upon the evidence they were entitled to judgment as a matter of law. Fed.R.Civ.P. 50(b). They then say that they were at least entitled to a new trial on all of the issues. Fed.R.Civ.P. 59. We disagree.
 
 
 7
 As to the former, it simply cannot be said that "the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's." Vollrath Co. v. Sammi Corp., 9 F.3d 1455, 1460 (9th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 2163, 128 L.Ed.2d 886 (1994); see also Air-Sea Forwarders, Inc. v Air Asia Co., Ltd., 880 F.2d 176, 181 (9th Cir.1989), cert. denied, 493 U.S. 1058, 110 S.Ct. 868, 107 L.Ed.2d 952 (1990). As we have already said, the evidence in this case was in sharp conflict. A reasonable conclusion (perhaps even the most reasonable one) could be reached in favor of the defendants.[1]
 
 
 8
 As to the motion for a new trial based on the weight of the evidence, our review is quite limited and we accord great deference to the district court. See Landes Constr. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1372 (9th Cir.1987). Nothing in this record indicates that the district court made any of the errors that could result in our finding an abuse of its discretion. See id.
 
 
 9
 We, therefore, affirm the district court in all respects other than the verdict against the Taylors based upon their Fair Housing Act action under 42 U.S.C. § 3604(c). As to that portion of their claim we reverse and remand for a new trial.
 
 
 10
 AFFIRMED in part, REVERSED in part. The parties shall bear their own costs on appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Taylors argue that comments made by the defendants among themselves and not conveyed to the Taylors or anyone else are ipso facto violations of § 3604, rather than mere evidence of violations. The Taylors cite no authority for that proposition, and we are of the opinion that to state it is to refute it