Filed:   March 1, 2012

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1046
(4:10-cv-00093-TEM)

TIMOTHY WAYNE HOLLOWAY,

        Plaintiff - Appellant,

      v.

PAGAN RIVER DOCKSIDE SEAFOOD, INCORPORATED; JOSEPH L. MELZER, JR.,

        Defendants - Appellees.

O R D E R

The Court amends its opinion filed February 27, 2012, as follows:

On page 2, first paragraph of text, line 3 —- the parenthetical "(recodified at 46 U.S.C. § 30104)" is deleted.

For the Court – By Direction

/s/ Patricia S. Connor
          Clerk

**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

TIMOTHY WAYNE HOLLOWAY,

*Plaintiff-Appellant,*

v.

PAGAN RIVER DOCKSIDE SEAFOOD, INCORPORATED; JOSEPH L. MELZER, JR.,

*Defendants-Appellees.*

No. 11-1046

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Tommy E. Miller, Magistrate Judge.
(4:10-cv-00093-TEM)

Argued: January 24, 2012

Decided: February 27, 2012

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Reversed and remanded by published opinion. Judge Niemeyer wrote the opinion, in which Judge Motz and Judge King joined.

**COUNSEL**

**ARGUED:** Christina Elise James, KEVIN P. SHEA & ASSOCIATE, Hampton, Virginia, for Appellant. Danielle D. Giroux, HARMAN, CLAYTOR, CORRIGAN & WELL-MAN, Richmond, Virginia, for Appellees. **ON BRIEF:** Kevin P. Shea, KEVIN P. SHEA & ASSOCIATE, Hampton, Virginia, for Appellant. Richard K. Bennett, HARMAN, CLAYTOR, CORRIGAN & WELLMAN, Richmond, Virginia, for Appellees.

---

**OPINION**

NIEMEYER, Circuit Judge:

Timothy Holloway commenced this action under the Jones Act, 46 U.S.C. § 30104 (formerly codified at 46 U.S.C. app. § 688(a) (2006)), against Pagan River Dockside Seafood, Inc. and its chief operating officer, Joseph Melzer, alleging in his complaint that he was a seaman in the employ of Pagan River and Melzer and that he had been injured in the course of his employment by their negligence.

Following an evidentiary hearing, the district court granted the defendant's motion to dismiss Holloway's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The court concluded that Holloway had not adequately demonstrated that (1) he was a seaman and (2) his injury occurred during the course of his employment as a seaman.

On appeal, we conclude that the district court had subject matter jurisdiction over Holloway's claim. It generally had federal question jurisdiction over Jones Act claims, and Holloway's complaint in particular alleged a colorable Jones Act

claim in that it was not "so insubstantial, implausible, foreclosed by prior decisions . . . , or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Accordingly, we reverse the district court's judgment and remand the case for further proceedings.

I

In his amended complaint, Holloway alleged that he was a seaman employed by Pagan River and Melzer under an oral contract made with Melzer. ¶¶ 4, 7, 8. As detailed in the complaint, Holloway "leased" a boat from Pagan River and Melzer, who then paid him for his catch of oysters or crabs, deducting a "fee" from the proceeds "for use of [the] vessel." ¶¶ 5, 8. Holloway alleged that on December 8, 2009, as he was attempting, "in the course of his duties," to unload a catch on Pagan River's dock, he was injured when a conveyor belt moved and trapped his hand. ¶ 9. Holloway claimed that the conveyor belt was improperly secured and that his injury was a result of the defendants' negligence. ¶¶ 9, 10.

Pagan River and Melzer filed both an answer to the complaint and a motion to dismiss it under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In their motion to dismiss, they contended that the court did not have subject matter jurisdiction as Holloway did not satisfy elements of the Jones Act: he was in fact not their employee; he was not a seaman; and he had not been injured in the course of his employment as a seaman. In support of the motion, the defendants submitted an affidavit from Melzer attesting to Holloway's status as a self-employed independent contractor. Melzer stated that Pagan River would allow Holloway to use one of their boats and that Holloway was paid based on the number of crabs or oysters he delivered to Pagan River, less a fee for the use of the boat, equipment, and fuel. Melzer also stated that Pagan River did not deduct any taxes from Holloway's payment. And, with respect to the day Holloway was injured, Melzer

stated that on Holloway's request, Melzer paid Holloway to shuck oysters on a piece-work basis.

Holloway responded with an affidavit, in which he reiterated the allegations of his complaint and stated that he had been working near the conveyor belt "as part of helping unload oysters from other boats on the orders of Melzer." Holloway also submitted a self-produced log of his pay records detailing the various activities he had performed for Pagan River and Melzer during the period from late 2007 through December 8, 2009, the date of the accident, in order to establish his frequent connection to a vessel and his employment.

After conducting a hearing on the defendants' motion to dismiss, the district court granted the motion under Rule 12(b)(1), concluding that the court lacked subject matter jurisdiction. In its opinion, the court found that Holloway had "not established that he [was] a 'seaman' under the Jones Act." Recognizing that the question was "a mixed question of law and fact," the court observed that whether Holloway was a seaman "will depend on the nature of the vessel and the employee's [Holloway's] precise relation to it." It held that Holloway "had not met his burden to provide sufficient facts as to the nature of his connection to the vessel as to maintain jurisdiction under the Jones Act." The court added that Holloway had also "failed to demonstrate facts" to support his claim that the injury was sustained during the course of his employment.

From the district court's order, dated December 15, 2010, Holloway filed this appeal.

II

Holloway's complaint purports to allege a claim under the Jones Act, which provides in relevant part that "A seaman injured in the course of employment . . . may elect to bring

a civil action at law, with the right of trial by jury, against the employer." 46 U.S.C. § 30104. To state a claim under the Jones Act, a plaintiff must allege "(1) that he is a seaman under the Act; (2) that he suffered injury in the course of his employment; (3) that his employer was negligent; and (4) that his employer's negligence caused his injury at least in part." *Martin v. Harris*, 560 F.3d 210, 216 (4th Cir. 2009). Federal courts, sitting at law, have subject matter jurisdiction to hear and resolve Jones Act claims under federal question jurisdiction, 28 U.S.C. § 1331. (Of course, federal courts may also have jurisdiction under their maritime jurisdiction, but in demanding a jury trial, Holloway did not invoke maritime jurisdiction. *See O'Donnell v. Great Lakes Dredge & Dock Co.*, 318 U.S. 36, 42-43 (1943)).

Holloway contends that the district court erred in dismissing his complaint for lack of subject matter jurisdiction. He argues that the evidence presented to the district court—through affidavits and pay records—showed that his "employment was substantially connected to his vessel and that he should therefore properly be considered a Jones Act seaman." The defendants engage Holloway factually, arguing, on the basis of contradicting affidavits, that "Holloway failed to present sufficient proof that he was a 'seaman' under the Jones Act."

The parties, and indeed the district court, have quite blurred the fundamental difference between a Rule 12(b)(1) motion for lack of subject matter jurisdiction and a Rule 12(b)(6) motion for failure to state a claim, failing to recognize the distinction between the Rules. A 12(b)(1) motion addresses whether Holloway has a right to be in the district court at all and whether the court has the power to hear and dispose of his claim, and a 12(b)(6) motion addresses whether Holloway has stated a cognizable claim, a challenge to the sufficiency of the complaint. Noting this confusion, we requested that the parties submit supplemental briefing prior to oral argument. In their briefing, both Holloway and the defendants continued to

assert that the district court properly resolved the defendants' motion as a jurisdictional motion and that the district court properly considered the elements of a Jones Act claim in disposing of the jurisdictional issue. We disagree.

In recent years, the Supreme Court has cautioned against "drive-by jurisdictional rulings," *Steel Co.*, 523 U.S. at 91, that dismiss a claim "'for lack of jurisdiction' when some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim," *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511 (2006) (quoting *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361 (2d Cir. 2000)). Its admonition is grounded in the principle that the subject matter jurisdiction of a federal court is not generally resolved by concluding that the plaintiff has failed to allege an element of a federal cause of action or that the plaintiff might not be able to prove an element of a federal cause of action. Rather, a court must look more fundamentally at whether the plaintiff's claim is determined by application of a federal law over which Congress has given the federal courts jurisdiction. If it is, his complaint should not be dismissed for a lack of subject matter jurisdiction, as the federal courts have been given the power and the authority to hear and resolve such claims.

Deficiencies in the statement of a federal cause of action should normally be addressed by a motion under rules challenging the sufficiency of the complaint or the evidence pleaded to support the complaint, such as authorized by Rules 12(b)(6), 12(c), or 56. As the Supreme Court explained in *Steel Co.*:

> "[J]urisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." Rather, the district court has jurisdiction if "the right of the petitioners to recover under their complaint

> will be sustained if the Constitution and laws of the
> United States are given one construction and will be
> defeated if they are given another."

*Steel Co.*, 523 U.S. at 89 (ellipses in original) (quoting *Bell v. Hood*, 327 U.S. 678, 685 (1946)); *see also Kerns v. United States*, 585 F.3d 187, 192-93 (4th Cir. 2009). The failure to state the elements of a federal claim can form the basis of a Rule 12(b)(1) motion "only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co.*, 523 U.S. at 89 (quoting *Oneida Indian Nation of N.Y. v. Cnty. of Oneida*, 414 U.S. 661, 666 (1974).

In short, subject matter jurisdiction relates to a federal court's *power* to hear a case, *Arbaugh*, 546 U.S. at 514, and that power is generally conferred by the basic statutory grants of subject matter jurisdiction, such as 28 U.S.C. § 1331 or 28 U.S.C. § 1332. If a plaintiff invoking § 1331 "pleads a colorable claim 'arising under' the Constitution or laws of the United States," *Arbaugh*, 546 U.S. at 513, he invokes federal subject matter jurisdiction, and deficiencies of the claim should be addressed by the other mechanisms provided by the federal rules.

In this case, Holloway sought to state a claim under the Jones Act, a federal cause of action over which federal courts have jurisdiction. And in stating his claim, he alleged each of the elements of a Jones Act claim. He asserted that he was employed as a seaman connected to a vessel; that he was injured in the course of his employment; and that his employer's negligence caused his injury. To be sure, the facts to support these conclusory allegations appear to be thin in some instances and in many instances are disputed. But it can hardly be asserted that Holloway's claim is not colorable, or is made solely for the purpose of obtaining jurisdiction, or is so wholly insubstantial and frivolous that an invocation of

federal jurisdiction should not be recognized. Rather, the disputes over whether, in alleging a Jones Act claim, Holloway will be able to prove the elements of the cause of action are matters that if resolved one way will entitle Holloway to relief and if decided another way will result in dismissal of his action. In either case, however, such disputed allegations must be resolved either by a Rule 56 motion or by trial. *See Arbaugh*, 546 U.S. at 514 ("If satisfaction of an essential element of a claim for relief is at issue, however, the jury is the proper trier of contested facts"). *See also Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 359 (1959) ("Petitioner asserts a substantial claim that the Jones Act affords him a right of recovery for the negligence of his employer. Such assertion alone is sufficient to empower the District Court to assume jurisdiction over the case and determine whether, in fact, the Act does provide the claimed rights"), *superseded by statute on other grounds*, 45 U.S.C. § 59.

At bottom, we conclude that the allegations contained in Holloway's complaint provided an adequate basis to invoke the Jones Act and thus to require the district court to exercise federal jurisdiction over the case. The fact-intensive nature of the remaining issues necessitates the further development of the record and the application of procedures other than those in Rule 12(b)(1). *See McLaughlin v. Boston Harbor Cruise Lines, Inc.*, 419 F.3d 47, 51-52 (1st Cir. 2005) (noting that seaman status is generally decided only after a trial and collecting cases); *Wheatley v. Gladden*, 660 F.2d 1024, 1026 (4th Cir. 1981) (concluding that in Jones Act cases, "[t]he existence of . . . an employer/employee relationship must be determined under maritime law" and that "resolution of the issue is normally a factual one within the province of a jury").

We therefore reverse the district court's order dismissing this case and remand for further proceedings.

*REVERSED AND REMANDED*