**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1579**

DOREEN SHING; MAY SHING,

    Plaintiffs - Appellants,

  v.

MD DEVELOPMENTAL DISABILITIES ADMINISTRATION; MD DEPT OF HEALTH AND MENTAL HYGIENE; BUDGET AND EXPENDITURES DIRECTOR,

    Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge.  (1:16-cv-00683-RDB; 1:17-cv-00281-RDB)

Submitted:  September 18, 2017     Decided:  September 29, 2017

Before WYNN, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Doreen Shing, May Shing, Appellants Pro Se.  Brian E. Frosh, Attorney General, Kathleen A. Morse, Assistant Attorney General, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following the dismissal of their initial appeal for lack of jurisdiction and a remand allowing them the opportunity to file an amended complaint, pro se Plaintiffs Doreen Shing and May Shing seek to appeal the district court's judgment dismissing their civil action with prejudice. For the reasons that follow, we affirm.

Plaintiffs initiated this action by filing a complaint alleging that Defendants negligently failed to provide Doreen Shing necessary medical services under the Medicare/Medicaid waiver program. Plaintiffs sought relief based on several different federal statutes and regulations, including 42 U.S.C. § 1983 (2012) and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213 (2012). After allowing Plaintiffs an opportunity to clarify their allegations, the district court dismissed their complaint without prejudice, finding that Plaintiffs had not provided sufficient information to show that subject matter jurisdiction existed over the action. Plaintiffs appealed, and we dismissed their appeal as interlocutory. *Shing v. MD Developmental Disabilities Admin.*, 676 F. App'x 150, 151 (4th Cir. 2017) (No. 16-1467). We remanded the case with instructions to allow Plaintiffs to file an amended complaint. *Id.*; *see Goode v. Cent. Va. Legal Aid Soc'y*, 807 F.3d 619, 623-25 (4th Cir. 2015).

On remand, Plaintiffs filed an amended complaint seeking damages under the ADA, federal Medicaid regulations, and various provisions of Maryland state law, for pain and suffering allegedly resulting from Defendants' past "benign neglect, discrimination and gross negligence" in providing Medicaid services to Doreen Shing. Plaintiffs also commenced a new action seeking injunctive relief under 42 C.F.R.

2

§ 441.740. They later sought to add a claim in the latter action for injunctive relief pursuant to § 1983. The district court consolidated the two actions.

After the district court granted Defendants an extension of time to respond to the complaints, Defendants filed a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and, alternatively, for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The district court granted Defendants' motion on Rule 12(b)(1) grounds, finding jurisdiction lacking over Plaintiffs' federal claims, which the court held essentially amounted to state-law claims of negligence. In the absence of original jurisdiction over the federal claims, the district court also held that it could not exercise supplemental jurisdiction over Plaintiffs' state-law claims. The district court dismissed Plaintiffs' action with prejudice, and this appeal followed.

We review de novo the dismissal of a complaint for lack of subject matter jurisdiction. *Willner v. Dimon*, 849 F.3d 93, 103 (4th Cir. 2017). "The failure to state the elements of a federal claim can form the basis of a Rule 12(b)(1) motion 'only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). We conclude that Plaintiffs' filings were sufficient to clear this low bar and invoke the district court's jurisdiction under 28 U.S.C. § 1331 (2012). However, we agree with the district court's conclusion that Plaintiffs' allegations were ultimately insufficient to provide a basis for relief on any of the federal causes of action Plaintiffs tried to assert. Consequently, we affirm the

3

dismissal with prejudice of Plaintiffs' federal claims[1] not for lack of subject matter jurisdiction,[2] but for failure to state a claim on which relief may be granted. *See Willner*, 849 F.3d at 103 (this court may affirm judgment on any ground appearing in the record); *Hawes v. Network Sols., Inc.*, 337 F.3d 377, 383-84 (4th Cir. 2003) (affirming Rule 12(b)(1) dismissal on alternate Rule 12(b)(6) ground, where defendant had sought dismissal on both grounds).

Plaintiffs also argue on appeal that the district court erred by consolidating the two cases and by granting Defendants an extension of time to file their motion to dismiss. We review both issues only for abuse of discretion, *see Lovelace v. Lee*, 472 F.3d 174, 203-04 (4th Cir. 2006); *Arnold v. E. Air Lines*, 712 F.2d 899, 906 (4th Cir. 1983), and find no such abuse in either of the district court's orders.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[1] In their informal brief, Plaintiffs address only the district court's dismissal of their federal claims. Because the informal brief does not challenge the dismissal of the state-law claims, we decline to review that aspect of the district court's judgment. 4th Cir. R. 34(b); *Williams v. Giant Food Inc.*, 370 F.3d 423, 430 n.4 (4th Cir. 2004).

[2] Indeed, the absence of subject matter jurisdiction cannot support a dismissal with prejudice, "because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).