**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2424**

MINISTER TRAZELL,

Plaintiff - Appellant,

v.

ARLINGTON COUNTY,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:19-cv-01491-LMB-TCB)

Submitted: June 11, 2020                                        Decided: July 9, 2020

Before DIAZ and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Minister Trazell, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Minister Trazell appeals the district court's order sua sponte dismissing his civil action for lack of subject matter jurisdiction. Trazell alleged discrimination against him as an Indigenous American, in not hiring him for an open position for which he qualified, and claimed violations of the Civil Rights Act of 1866, 14 Stat. 27, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2018), and 42 U.S.C. §§ 1981, 1983, 1985, 1986 (2018). He asserted the district court had federal question jurisdiction under 28 U.S.C. § 1331 (2018). The district court applied the well-pleaded complaint rule and dismissed the action for lack of subject matter jurisdiction because the court was unable to discern the substance of plaintiff's factual allegations. We vacate and remand.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *United States ex rel. Carson v. Manor Care, Inc.*, 851 F.3d 293, 303 (4th Cir. 2017). A plaintiff bears the burden of establishing jurisdiction. *Demetres v. E.W. Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015). In a facial challenge, a plaintiff is afforded the same procedural protections as he would receive under Fed. R. Civ. P. 12(b)(6), wherein the facts alleged are taken as true, and the action must not be dismissed if the complaint alleges sufficient facts to invoke subject matter jurisdiction. *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017) (citation omitted). A federal court is also required to dismiss an in forma pauperis action or appeal if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2018). Pro se pleadings must be

2

liberally construed. *Bazemore v. Best Buy*, 957 F.3d 195, 200 (4th Cir. 2020). To avoid dismissal for failure to state a claim, a complaint must "contain factual allegations that 'raise a right to relief above the speculative level, thereby nudging [the] claims across the line from conceivable to plausible.'" *Id*. (citations omitted). We review de novo a dismissal for lack of subject matter jurisdiction, *Carson*, 851 F.3d at 302, and a dismissal for failure to state a claim under § 1915, *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017).

"In recent years, the Supreme Court has cautioned against drive-by jurisdictional rulings, that dismiss a claim for lack of jurisdiction when some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012) (internal quotation marks and citations omitted). "Its admonition is grounded in the principle that the subject matter jurisdiction of a federal court is not generally resolved by concluding that the plaintiff has failed to allege an element of a federal cause of action or that the plaintiff might not be able to prove an element of a federal cause of action." *Id*. "Rather, a court must look more fundamentally at whether the plaintiff's claim is determined by application of a federal law over which Congress has given the federal courts jurisdiction." *Id*. "If it is, his complaint should not be dismissed for a lack of subject matter jurisdiction, as the federal courts have been given the power and the authority to hear and resolve such claims." *Id*. "In short, subject matter jurisdiction relates to a federal court's *power* to hear a case, and that power is generally conferred by the basic statutory grants of subject matter jurisdiction, such as 28 U.S.C. § 1331 or 28 U.S.C. § 1332." *Id*. at 453 (citation omitted).

3

"If a plaintiff invoking § 1331 pleads a colorable claim arising under the Constitution or laws of the United States, he invokes federal subject matter jurisdiction, and deficiencies of the claim should be addressed by the other mechanisms provided by the federal rules." *Id.* (internal quotation marks and citation omitted). In *Holloway*, we concluded there was subject matter jurisdiction over plaintiff's claim since his complaint "alleged a colorable Jones Act claim in that it was not 'so insubstantial, implausible, foreclosed by prior decisions . . . or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 450 (citation omitted). Here, it is not clear from the district court's order that it applied this standard; and it did not explicitly consider whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim.

Accordingly, we vacate the district court's order and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*