**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6480**

CHRISTOPHER LEE MICHELSON,

Plaintiff - Appellant,

v.

STEPHEN COON, Asheville Police Dept. Detective,

Defendant - Appellee,

and

VAN DUNCAN; MARK GAGE, ATF Agent; RON MOORE, Buncombe County District Attorney; ROGER THEODORE SMITH, Buncombe County Attorney at Law; MIKE LAMB, Asheville Police Dept. Sergeant,

Defendants.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Frank D. Whitney, District Judge.  (1:17-cv-00050-FDW)

Submitted:  March 1, 2021                                      Decided:  July 15, 2021

Before GREGORY, Chief Judge, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher Lee Michelson, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Lee Michelson appeals the district court's orders dismissing his 42 U.S.C. § 1983 complaint for lack of subject matter jurisdiction and denying reconsideration. Michelson, a pretrial detainee in state custody, initially filed a complaint against Buncombe County Sherriff Van Duncan; Asheville Police Detective Stephen Coon; Special Agent Mark Gage of the Bureau of Alcohol, Tobacco, and Firearms; Buncombe County District Attorney Ron Moore; and Roger Smith, an attorney. In the complaint, Michelson alleged that Duncan had allowed Michelson to be housed in a facility in which a deputy was employed who was a relative of an enemy of Michelson's. Michelson alleged that he informed Coon and Gage that his life was in danger due to this threat, but he was not moved to another facility or placed in protective custody, and in March 2016, Michelson was beaten unconscious by an inmate acting on orders of this deputy.

Pursuant to 28 U.S.C. § 1915A, the district court dismissed the initial complaint without prejudice. As is relevant here, the court concluded that Michelson had failed to state an Eighth Amendment claim for failure to protect against Gage[1] and Coon because they had no responsibility for Michelson's housing within the Buncombe County Jail because that was the "exclusive province of Van Duncan," the Sheriff of Buncombe County. The court, however, dismissed the claims against not only Gage and Coon, but also against Duncan. Michelson thereafter amended his complaint, but only reasserted

---

[1] Because Gage is a federal agent, any claim asserted against him could only be properly considered as arising under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

3

claims against Gage and Coon and added Asheville Police Sergeant Mike Lamb as a defendant.

Despite its prior ruling that Gage and Coon had no responsibility for Michelson's housing in the jail, on review under § 1915A, the district court allowed the claims to proceed, concluding that Michelson had pled a deliberate indifference claim against Gage and Coon that was "facially sufficient." Coon and Lamb filed an answer to the complaint that asserted that the complaint should be dismissed for failure to state a claim for relief but did not file a separate motion to dismiss or memorandum of law in support of this request. Gage filed a motion to dismiss the claims against him, which the court granted, finding that no cause of action under *Bivens* could properly be implied in this context.[2] In addition, Michelson later voluntarily dismissed his claims against Lamb.

Shortly after the district court set a date for trial, and more than a year after the district court's deadline for filing dispositive motions, Coon filed a motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In his motion Coon asserted that, as the district court had found in its initial motion dismissing the complaint without prejudice, Coon had no authority over Michelson's housing in the jail. The district court granted Coon's motion, finding that

---

[2] While Michelson argues on appeal that Coon and Gage are liable for failing to protect him in the jail, he fails to challenge the district court's conclusion that there is no valid cause of action under *Bivens* to hold Gage liable on this claim. He has therefore forfeited appellate review of that issue. *See* 4th Cir. R. 34(b); *see also Jackson v. Lightsey*, 775 F.3d 170, 176 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

since Coon did not have any responsibility for housing Michelson in the Buncombe County Jail, he could not "be liable for failure to protect a detainee" and the court therefore lacked subject matter jurisdiction over Michelson's claim. Michelson sought reconsideration under Federal Rule of Civil Procedure 59(e), which the court denied. Michelson appeals.

Initially, we conclude that the district court erred in dismissing Michelson's claim against Coon for lack of subject matter jurisdiction. Pursuant to Rule 12(b)(1), a court may dismiss a complaint if it lacks subject matter jurisdiction; a motion to dismiss a complaint asserting that the complaint fails to state a claim upon which relief may be granted, however, must be brought under Federal Rule of Civil Procedure 12(b)(6). Courts have "been less than meticulous" in differentiating between motions to dismiss for lack of subject matter jurisdiction and those based on failure to state a claim. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511 (2006). "[S]ubject matter jurisdiction involves a court's power to hear a case, can never be forfeited or waived," and requires dismissal of a complaint in its entirety when it is lacking. *Id.* at 514 (internal quotation marks omitted). A plaintiff properly invokes a district court's federal question jurisdiction under 28 U.S.C. § 1331 when he "pleads a colorable claim arising under the Constitution or laws of the United States." *Id.* at 513 (internal quotation marks omitted).

We have cautioned against "blurr[ing] the fundamental difference between a Rule 12(b)(1) motion for lack of subject matter jurisdiction and a Rule 12(b)(6) motion for failure to state a claim"; the former involves the plaintiff's right to be in federal court and the court's power to adjudicate his claim while the latter addresses only whether the plaintiff has stated a cognizable claim for relief. *Holloway v. Pagan River Dockside*

*Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). "Deficiencies in the statement of a federal cause of action should normally be addressed by a motion under rules challenging the sufficiency of the complaint." *Id.* Where "the plaintiff's claim is determined by application of a federal law over which Congress has given the federal courts jurisdiction," the "complaint should not be dismissed for lack of subject matter jurisdiction, as the federal courts have been given the power and authority to hear and resolve such claims." *Id.*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019). "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). For convicted prisoners, the right to be protected from violence falls under the Eighth Amendment guarantee against cruel and unusual punishment, *id.* at 828; however, because a state has no authority to punish pretrial detainees at all, the right of a pretrial detainee to be protected from violence while incarcerated falls under the Due Process Clause of the Fourteenth Amendment. *See Kingsley v. Hendrickson*, 576 U.S. 389, 400-01 (2015).

Here, Michelson sought to invoke the Fourteenth Amendment's protections against violence by other prisoners or detainees, based upon an incident in which he was allegedly beaten unconscious by another inmate while in the Buncombe County Jail. While the district court dismissed this claim against Coon because Coon had no authority over Michelson's housing in the jail, it can hardly be asserted that Michelson's claim was "not

6

colorable, or [was] made solely for the purpose of obtaining jurisdiction, or [was] so wholly insubstantial and frivolous that an invocation of federal jurisdiction should not be recognized." *Holloway*, 669 F.3d at 453. Michelson's claim against Coon might not properly state a claim for relief but his claim is properly "determined by application of a federal law," *id.* at 452, and therefore the district court did not lack jurisdiction over this claim.

In cases where a defendant moves for dismissal under both Rule 12(b)(1) and 12(b)(6) and the district court dismisses for lack of subject matter jurisdiction, we can address the merits of the Rule 12(b)(6) analysis if we determine that the district court's jurisdictional ruling was erroneous. *See Hawes v. Network Sols., Inc.*, 337 F.3d 377, 383 (4th Cir. 2003). As noted above, a pretrial detainee's claim for failure to protect arises under the Fourteenth Amendment, rather than the Eighth Amendment. *See Kingsley*, 576 U.S. at 400-01. Generally, a prisoner asserting a claim for failure to protect must prove that he was "incarcerated under conditions posing a substantial risk of serious harm, *Farmer*, 511 U.S at 833, and that the prison official knew of and disregarded the risk, *id.* at 838. In *Kingsley*, however, the Supreme Court held that a pretrial detainee bringing an excessive force claim must prove that the prison official's actions were objectively unreasonable but need not prove that the official acted with a subjectively culpable state of mind. 576 U.S. at 396-97. Some other circuits to have examined failure to protect claims following *Kingsley* have determined that this standard for excessive force claims extends to failure to protect claims under the Fourteenth Amendment. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1069-71 (9th Cir. 2016) (finding *Kingsley*'s purely objective

7

standard for excessive force claims extends to failure to protect claims by pretrial detainees); *see also Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017) (same). We need not resolve this issue here because, even if a purely objective standard applies to a pretrial detainee's failure to protect claim, Michelson failed to state such a claim against Coon.

Under North Carolina law, "[a]ll persons committed to prison before conviction shall be committed to the jail of the county in which the examination is had, or to that of the county in which the offense is charged to have been committed," unless the committing magistrate determines that the jails of the county are unsafe or injurious to a prisoner's health, in which case the magistrate may commit a prisoner to the jail of "any other convenient county." N.C. Stat. Ann. 15-126 (2019). Thereafter, "every sheriff or jailer to whose jail any person shall be committed by any court or magistrate of competent jurisdiction shall receive such prisoner and give receipt for him, and be bound for his safekeeping as prescribed by law." *Id.*; *see* N.C. Stat. Ann. § 162-22 (2019) ("The sheriff shall have custody and care of the jail in his county."). Therefore, "[s]heriffs run the county jails in North Carolina." *Knight v. Vernon*, 214 F.3d 544, 545 (4th Cir 2000).

Here, the actions of which Michelson complains that caused his injury were the decision to place him in the same jail as that which employed a relative of his enemy and the decision to leave him there without placing him in protective segregation or moving him to another facility. Coon, however, was not the official responsible for either of those decisions. Under state law, the magistrate who committed Michelson decided whether to place him in the jail in that county or in another facility based on risk to him, and, once he was in the jail, the sheriff was responsible for his placement. No state action or omission

8

on the part of Coon, a police officer in a neighboring jurisdiction, therefore, caused Michelson's injury. *See Davison*, 912 F.3d at 679 ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." (internal quotation marks omitted)). Nor did Coon intentionally place Michelson in the unsafe conditions or fail to act with reasonable care to mitigate the risk in those conditions, as Coon had no authority over Michelson's placement in the jail. *See Castro*, 833 F.3d at 1071 (stating standard for failure to protect claim under Fourteenth Amendment after *Kingsley*); *see also Darnell*, 849 F.3d at 35 (same).

Accordingly, while we conclude that the district court had jurisdiction over Michelson's claim, we further conclude that he failed to state a claim for relief for failure to protect against the remaining defendants. We therefore affirm the district court's orders. We also deny Michelson's motions for "jurisdictional matter" and for a transfer to another facility. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*